JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFF | DEFENDANTS |
|---|---|
| ANTHONY TORRES | GUSTAVO CONCHAS, individually; THE FISHEL COMPANY, an Ohio Foreign Corporation; |

County of Residence of First Listed Plaintiff     Clark County

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    **Yuma County, AZ**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c)   Attorneys *(Firm Name, Address, and Telephone Number)*
CLARK LAW GROUP, PLLC, C. Jared Clark, NV Bar No. 13672,
6655 W. Sahara Avenue, Suite A212, Las Vegas, NV 89146
Phone: 702-330-3272, Fax: (702) 447-5323

Attorneys *(If Known)* H1 LAW GROUP, Joel Z. Schwarz, NV Bar No. 9181,
701 N. Green Valley Parkway, Suite 200, Henderson, NV 89074
Phone: 702-608-3720, Fax: 702-703-1063

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [X] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 U.S.C. §§ 1332(a), 1441(b) and 1446

Brief description of cause: Plaintiff Torres's complaint states that while riding his bicycle he was struck by a vehicle being driven by Defendant Fishel Company employee and co-defendant Conchas.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

N/A *(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
January 8, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions.</u>

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**H1 LAW GROUP**
Joel Z. Schwarz, NV Bar No. 9181
joel@h1lawgroup.com
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone  702-608-3720
Fax      702-703-1063

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY TORRES,<br><br>                            Plaintiff,<br><br>        vs.<br><br>GUSTAVO CONCHAS, individually; THE FISHEL COMPANY, an Ohio Foreign Corporation; DOES 1 through 20, inclusive; and ROE BUSINESS ENTITIES 1 through 20, inclusive,<br><br>                            Defendants. | CASE NO.:    2:21-cv-00046<br><br>**DEFENDANTS THE FISHEL COMPANY AND GUSTAVO CONCHAS' NOTICE OF REMOVAL** |



        Defendants The Fishel Company ("Fishel") and Gustavo Conchas ("Conchas" and, together, "Defendants"), by and through their undersigned counsel, hereby remove the above-captioned case to the United States District Court for the District of Nevada. The grounds for removal are as follows:

        1.        This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441(b) and 1446 for removal of the case titled *Anthony Torres v. Gustavo Conchas and The Fishel Company*, Case No. A-20-825393-C, now pending in the Eighth Judicial District Court, Clark County, Nevada.

        2.        On November 24, 2020, Plaintiff commenced this action in the Eighth Judicial District Court, Clark County, Nevada, as Case No. A-20-825393-C.

        3.        On December 21, 2020, Defendant Fishel's registered agent in Nevada was served with the Summons and Complaint, copies of which are attached hereto as **Exhibit A**.

        4.        On December 23, 2020, Defendant Conchas was served with the Summons and Complaint at his residence in Yuma, Arizona, copies of which are attached hereto as **Exhibit B**.

H1 LAW GROUP
701 N. Green Valley Parkway, Suite 200
Henderson, Nevada 89074
Tel: 702-608-3720

H1 LAW GROUP
701 N. Green Valley Parkway, Suite 200
Henderson, Nevada 89074
Tel: 702-608-3720

5.     Defendant Fishel is and was at all relevant times an Ohio corporation whose corporate office and principal place of business is in Columbus, Ohio.

6.     Defendant Conchas is and was at all relevant times an individual residing in Yuma, Arizona.

7.     The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.     This Court has jurisdiction over this matter based on diversity of citizenship under 28 U.S.C. § 1332(a).

9.     This notice is timely filed in accordance with the provisions of 28 U.S.C. § 1446(b) because it is within 30 days after receipt by or service on the Defendants of the initial pleading or summons. Further, all Defendants consent to removal.

10.    Defendants do not, by filing this notice, waive any defenses available under Fed. R. Civ. P. 12(b) or other applicable law.

11.    A copy of this notice will be served promptly on Plaintiff and filed with the Clerk of the Eighth Judicial District Court, Clark County, Nevada.

WHEREFORE, Defendants give notice that the written action is removed to the United States District Court for the District of Nevada.

Respectfully submitted this 8th day of January 2021.

H1 LAW GROUP

Joel Z. Schwarz, NV Bar No. 9181
joel@h1lawgroup.com
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone  702-608-3720
Fax      702-703-1063

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned, an employee of H1 Law Group, hereby certifies that on the 8th day of January 2021, she electronically filed and served the foregoing NOTICE OF REMOVAL with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system.

Karen M. Morrow, an employee of H1 LAW GROUP

H1 LAW GROUP
701 N. Green Valley Parkway, Suite 200
Henderson, Nevada 89074
Tel: 702-608-3720

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

# EXHIBIT A

Summons and Complaint
Served Upon Defendant
The Fishel Company



**Service of Process Transmittal**
12/21/2020
CT Log Number 538777140

**TO:**   Kathy Blackstone, Tax Manager
The Fishel Company
1366 Dublin Rd
Columbus, OH 43215-1093

**RE:**   **Process Served in Nevada**

**FOR:**   The Fishel Company  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Anthony Torres, Pltf. vs. Gustavo Conchas, etc., et al., Dfts. // To: The Fishel Company |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # A20825353C |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/21/2020 at 01:27 |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780134363806 |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>701 S. Carson Street<br>Suite 200<br>Carson City, NV 89701<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Electronically Issued
11/24/2020 4:09 PM

SUMM
C. JARED CLARK, ESQ.
Nevada Bar No.: 13672
CLARK LAW GROUP, PLLC
6655 W. Sahara Ave., Ste. A212
Las Vegas, NV 89146
Phone: (702) 330-3272
Fax: (702) 447-5323
E-mail: jared@cjclarklawgroup.com
*Attorneys for Plaintiff*

CASE NO: A-20-825393-C
Department 4

## DISTRICT COURT

## CLARK COUNTY, NEVADA

ANTHONY TORRES,

        Plaintiff,

vs.

GUSTAVO CONCHAS, individually; THE
FISHEL COMPANY, an Ohio Foreign
Corporation; DOES 1 through 20, inclusive; and
ROE BUSINESS ENTITIES 1 through 20,
inclusive,

        Defendants.

Case No.
Dept No.

**SUMMONS**

**NOTICE! YOU HAVE BEEN SUED.   THE COURT MAY DECIDE AGAINST YOU
WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.   READ
THE INFORMATION BELOW.**

    **TO THE DEFENDANT.** A Civil Complaint has been filed by the plaintiff(s) against you for
the relief set forth in the Complaint.

### C T CORPORATION SYSTEM
### RESIDENT AGENT FOR THE FISHEL COMPANY
#### 701 S. Carson Street #200
#### Carson City, NV 89701

    1.    If you intend to defend this lawsuit, within 21 days after this Summons is served on you
exclusive of the date of service, you must do the following:

        a.    File with the Clerk of this Court, whose address is shown below, a formal
written response to the Complaint in accordance with the rules of the Court.

1

b.      Serve a copy of your response upon the attorney whose name and address is shown below.

2.      Unless you respond, your default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint

3.      If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time. STEVEN D. GRIERSON

**CLERK OF COURT**

11/24/2020

By: _____

Deputy Clerk Laurie Williams

Issued at the direction of:

**CLARK LAW GROUP, PLLC**

_/s/ Jared Clark Esq._

**C. JARED CLARK, ESQ.**
6655 W. Sahara Ave., Ste. A212
Las Vegas, NV 89146
Phone: (702) 330-3272
Fax: (702) 447-5323
E-mail: jared@cjclarklawgroup.com
*Attorneys for Plaintiff*

2

Electronically Filed
11/24/2020 4:08 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**C. JARED CLARK, ESQ.**
Nevada Bar No.: 13672
**CLARK LAW GROUP, PLLC**
6655 W. Sahara Ave., Ste. A212
Las Vegas, NV 89146
Phone: (702) 330-3272
Fax: (702) 447-5323
E-mail: jared@cjclarklawgroup.com
*Attorneys for Plaintiff*

CASE NO: A-20-825393-C
Department 4

### DISTRICT COURT

### CLARK COUNTY, NEVADA

ANTHONY TORRES,

     Plaintiff,

vs.

GUSTAVO CONCHAS, individually; THE
FISHEL COMPANY, an Ohio Foreign
Corporation; DOES 1 through 20, inclusive; and
ROE BUSINESS ENTITIES 1 through 20,
inclusive,

    Defendants.

Case No.
Dept No.

### COMPLAINT

COMES NOW the Plaintiff ANTHONY TORRES, by and through his counsel, C. JARED

CLARK, ESQ. of the law firm of CLARK LAW GROUP, PLLC, and for his causes of action against

the Defendants, and each of them, alleges as follows:

### PARTIES AND JURISDICTION

1.    At all times relevant hereto, Plaintiff ANTHONY TORRES, (hereinafter "TORRES"),

was an individual residing in the County of Clark, State of Nevada.

2.    At all times relevant hereto, and upon information and belief, Defendant GUSTAVO

CONCHAS (hereinafter "CONCHAS") was, and still is, an individual residing in the County of

Yuma, State of Arizona.

1

1   operated his vehicle, violated Nevada and local statutes, traffic laws, and safety rules pertaining to

2   the safe operation of motor vehicles, which caused the collision involving Plaintiff, including his

3   injuries and damaged complained of herein.

4        14.    The acts and omissions on the part of Defendants CONCHAS, DOES 1 through 20, and

5   ROE BUSINESS ENTITIES 1 through 20, and each of them, as set forth herein, were in direct violation

6   of Nevada Statutes and/or Clark County ordinances, including, but not limited to, NRS 484.324.

7        15.    At all times herein mentioned, said Nevada Statutes and/or Clark County traffic

8   ordinances and safety rules were designed and enacted to protect a class of persons, in particular

9   bicyclists, to which Plaintiff belongs.

10        16.    Defendants CONCHAS, DOES 1 through 20, and ROE BUSINESS ENTITIES 1

11   through 20, and each of them, are therefore negligent per se herein.

12        17.    The injuries suffered by Plaintiff TORRES as a direct and proximate result of the

13   collision was and is the type that the statute was intended to protect against.

14        18.    As a direct and proximate result of the aforesaid negligence and carelessness of

15   Defendants CONCHAS, DOES 1 through 20, and ROE BUSINESS ENTITIES 1 through 20, and

16   each of them, Plaintiff TORRES was injured in health, strength, and activities, and sustained shock

17   and injury to his body, nervous system and person, all of which have caused, and will continue to

18   cause him physical, mental and nervous pain and suffering, disability and loss of enjoyment of life.

19        19.    As a direct and proximate result of the negligence and carelessness on the part of

20   Defendants CONCHAS, DOES 1 through 20, and ROE BUSINESS ENTITIES 1 through 20, and

21   each of them, Plaintiff sustained general and special damages to include medical expenses, possible

22   future medical expenses, loss of wages, possible future losses of wages, and loss of earning capacity

23   all in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

24        20.    As a further direct and proximate result of the aforesaid negligence and carelessness

25   on the part of Defendants CONCHAS, DOES 1 through 20, and ROE BUSINESS ENTITIES 1

26   through 20, and each of them, it has been necessary for Plaintiff to retain the law firm of CLARK

27   LAW GROUP, PLLC, to prosecute this action, and Plaintiff is therefore entitled to recover reasonable

28

4

attorney's fees and costs.

## SECOND CAUSE OF ACTION

**(Negligence; Respondeat Superior as to THE FISHEL COMPANY, DOES 1 through 20, and ROE BUSINESS ENTITIES 1 through 20)**

21.    Plaintiff repleads and realleges each and every allegation of the preceding paragraphs as though set forth fully hereunder.

22.    Plaintiff is informed and believes that at the time of the subject accident, FISHEL was the employer and/or had control of its agent CONCHAS.

23.    CONCHAS was acting within the course and scope of his duties for FISHEL and on behalf of FISHEL at the time of the subject collision with TORRES.

24.    Under the doctrine of Respondeat Superior, Defendant FISHEL is vicariously liable, jointly and severally for the damages suffered by Plaintiff as a direct and proximate result of its employees and/or agents' negligence while driving in the course and scope of his employment.

25.    FISHEL through its employees and/or agents, owed a duty to Plaintiff to drive safely and to avoid dangerous and/or reckless conduct.

26.    FISHEL by and through its employees and/or agents, breached its duties of due care by negligently, carelessly and recklessly failing to drive in a save manner which caused damages to Plaintiff.

27.    As a direct and proximate consequence of FISHEL's negligence, careless and reckless breach of duty, Plaintiff sustained general and special damages to include medical expenses, possible future medical expenses, loss of wages, possible future losses of wages, and loss of earning capacity all in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

28.    As a direct and proximate consequence of FISHEL'S negligence, careless and reckless breach of duty, it has been necessary for Plaintiff to retain the law firm of CLARK LAW GROUP, PLLC, to prosecute this action, and Plaintiff is therefore entitled to recover reasonable attorney's fees and costs.

///

///

5

## THIRD CAUSE OF ACTION

(Negligent Entrustment as to Defendant THE FISHEL COMPANY, DOES 1 through 20, and ROES BUSINESS ENTITIES 1 through 20)

29.     Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

30.     These Defendants owed a duty of care to the Plaintiff not to entrust the operation of the vehicle to someone they know or had reason to know was unfit to safely perform that operation.

31.     Upon information and belief, these Defendants breached that duty by entrusting the operation of the vehicle to Defendant CONCHAS, though they knew or should have known Defendant CONCHAS was unfit to safely operate the vehicle.

32.     Additionally, upon information and belief, one or more of these Defendants was responsible in some manner for the vehicle's condition, maintenance, repair, and operation.

33.     Upon information and belief, one or more of these Defendants owed a duty of care to Plaintiff to ensure the vehicle was properly maintained and repaired in such a condition so as to not create an unreasonable risk of harm on the public roadways during its operation.

34.     Upon information and belief, one or more of these Defendants breached that duty of care by entrusting the vehicle described herein to Defendant CONCHAS while in an unsafe condition.

35.     As a direct result of these Defendants' breaching their respective duties to Plaintiff, the Plaintiff was injured in the collision.

36.     As a result, Plaintiff have experienced pain and suffering associated with physical injuries caused by the collision, which have required medical treatment. These general damages are in excess of $15,000.00.

37.     As a further direct and proximate result, Plaintiff have incurred expenses for medical care and treatment in an amount to be proven at trial.

38.   Plaintiff has been forced to retain the services of an attorney to represent him in this action and are, therefore, entitled to recover reasonable attorneys' fees and costs of litigation.

## FOURTH CAUSE OF ACTION

**(Negligent Hiring, Training, Supervision and Retention as to Defendant THE FISHEL COMPANY DOES 1 through 20, and ROES BUSINESS ENTITIES 1 through 20)**

39.   Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

40.   These Defendants owed a duty of care to Plaintiff to use reasonable care in hiring, training, and supervising individuals, such as Defendant CONCHAS, to whom they would provide vehicles for use upon the public roadways, to ensure these individuals were fit for the purpose for which vehicles were provided.

41.   These Defendants knew or should have known that Defendant CONCHAS was unfit to safely operate a vehicle upon the public roadways without reasonable training and supervision to reduce the risk of motor vehicle collisions.

42.   These Defendants breached their duty to Plaintiff by failing to reasonably hire, train, and supervise Defendant CONCHAS regarding his use and operation of the vehicle which they had entrusted to operate.

43.   These Defendants breached their duty to Plaintiff by continuing to retain Defendant CONCHAS and allowing him use and operation of the vehicle which they had entrusted to him.

44.   As a proximate result of these Defendants' breach of their duty, Defendant CONCHAS caused the motor vehicle collision described herein, causing Plaintiff's injuries.

45.   As a proximate result of the collision, Plaintiff was injured causing him pain and suffering of both body and mind.

7

46.  These Defendants knew or should have known that Defendant CONCHAS was unfit to safely operate the vehicle upon the public roadway before offering him a position of employment.

47.  Plaintiff reasonably sought medical care and treatment to relieve the pain and injury he sustained in the motor vehicle collision, incurring the medical costs and charging incidental to such treatment.

48.  Plaintiff has been forced to retain the services of an attorney to represent him in this action and is therefore entitled to a recovery of reasonable attorney's fees and costs of litigation.

**WHEREFORE**, Plaintiff ANTHONY TORRES, prays for relief against the Defendants, and each of them, as follows:

### ALL CLAIMS FOR RELIEF:

1.  For past and future general damages and loss in an amount in excess of $15,000.00;

2.  For past and future special damages, in an amount to be determined;

3.  For reasonable attorneys' fees, pre and post judgment interest and costs of suit;

4.  For damages for loss of income and/or future earning capacity in an amount to be proven at the time of trial;

5.  For such other and further relief as to the Court may seem just and proper.

DATED this 24th day of November, 2020.     **CLARK LAW GROUP, PLLC**

C. JARED CLARK, ESQ.
Nevada Bar No. 13672
6655 W. Sahara Ave., Ste. A212
Las Vegas, NV 89146
*Attorneys for Plaintiff*

# EXHIBIT B

Summons and Complaint
Served Upon Defendant
Gustavo Conchas

Electronically Issued
11/24/2020 4:09 PM

1  **SUMM**
   C. JARED CLARK, ESQ.
2  Nevada Bar No.: 13672
   **CLARK LAW GROUP, PLLC**                          CASE NO: A-20-825393-C
3  6655 W. Sahara Ave., Ste. A212                           Department 4
   Las Vegas, NV 89146
4  Phone: (702) 330-3272
   Fax: (702) 447-5323
5  E-mail: jared@cjclarklawgroup.com
   *Attorneys for Plaintiff*
6                              **DISTRICT COURT**

7                           **CLARK COUNTY, NEVADA**

8

9  ANTHONY TORRES,

10                                              Case No.
               Plaintiff,                       Dept No.
11
   vs.                                          **SUMMONS**
12
13 GUSTAVO CONCHAS, individually; THE
   FISHEL COMPANY, an Ohio Foreign
14 Corporation; DOES 1 through 20, inclusive; and
   ROE BUSINESS ENTITIES 1 through 20,
15 inclusive,

16             Defendants.

17 **NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU
   WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ
18 THE INFORMATION BELOW.**

19         **TO THE DEFENDANT.** A Civil Complaint has been filed by the plaintiff(s) against you for
   the relief set forth in the Complaint.
20
                                **GUSTAVO CONCHAS**
21                              235 W. Eucalyptus Street
                                 Somerton, AZ 85350
22                                      or
                                 (Current Address)
23

24
        1.      If you intend to defend this lawsuit, within 21 days after this Summons is served on you
25 exclusive of the date of service, you must do the following:

26
                a.      File with the Clerk of this Court, whose address is shown below, a formal
27                      written response to the Complaint in accordance with the rules of the Court.
28

                                          1

b.    Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

STEVEN D. GRIERSON
**CLERK OF COURT**       11/24/2020

By: Laurie Williams
Deputy Clerk  Laurie Williams

Issued at the direction of:

**CLARK LAW GROUP, PLLC**

/s/ Jared Clark Esq.
**C. JARED CLARK, ESQ.**
6655 W. Sahara Ave., Ste. A212
Las Vegas, NV 89146
Phone: (702) 330-3272
Fax: (702) 447-5323
E-mail: jared@cjclarklawgroup.com
*Attorneys for Plaintiff*

2

Electronically Filed
11/24/2020 4:08 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
C. JARED CLARK, ESQ.
Nevada Bar No.: 13672
CLARK LAW GROUP, PLLC
6655 W. Sahara Ave., Ste. A212
Las Vegas, NV 89146
Phone: (702) 330-3272
Fax: (702) 447-5323
E-mail: jared@ciclarklawgroup.com
Attorneys for Plaintiff

CASE NO: A-20-825393-C
Department 4

DISTRICT COURT

CLARK COUNTY, NEVADA

ANTHONY TORRES,

Plaintiff,

vs.

GUSTAVO CONCHAS, individually; THE
FISHEL COMPANY, an Ohio Foreign
Corporation; DOES 1 through 20, inclusive; and
ROE BUSINESS ENTITIES 1 through 20,
inclusive,

Defendants.

Case No.
Dept No.

COMPLAINT

COMES NOW the Plaintiff ANTHONY TORRES, by and through his counsel, C. JARED
CLARK, ESQ. of the law firm of CLARK LAW GROUP, PLLC, and for his causes of action against
the Defendants, and each of them, alleges as follows:

PARTIES AND JURISDICTION

1.      At all times relevant hereto, Plaintiff ANTHONY TORRES, (hereinafter "TORRES"),
was an individual residing in the County of Clark, State of Nevada.

2.      At all times relevant hereto, and upon information and belief, Defendant GUSTAVO
CONCHAS (hereinafter "CONCHAS") was, and still is, an individual residing in the County of
Yuma, State of Arizona.

1

3. At all times relevant hereto, and upon information and belief, THE FISHEL COMPANY, an Ohio Foreign Corporation (hereinafter "FISHEL"), was and is a corporation duly organized and existing under the laws of the State of Ohio and authorized to do business in the State of Nevada.

4. The true names and capacities of the Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES 1 through 20 are owners, operators or individuals maintaining, with the duty to maintain, and/or within possession and control of the motor vehicles herein alleged and/or are within the flow of traffic as related hereto. Plaintiff is informed and believes and thereon alleges that ROE BUSINESS ENTITIES 1 through 20 are owners of the motor vehicles herein alleged and/or are some manner responsible for the actions of its employees, agents and/or assigns related hereto. Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as DOES 1 through 10 are agents, employees and/or assigns of Defendants designated as ROE BUSINESS ENTITIES 1 through 20, and DOES 11 through 20 are immediate family members of Defendants who may be liable for Defendants' negligence pursuant to NRS 41.440, which states:

> *NRS 41.440*
>
> *Any liability imposed upon a wife, husband, son, daughter, father, mother, brother, sister or other immediate member of a family arising out of his or her driving and operating a motor vehicle upon a highway with the permission, express or implied, of such owner is hereby imposed upon the owner of the motor vehicle, and such owner shall be jointly and severally liable with his or her wife, husband, son, daughter, father, mother, brother, sister or other immediate family member of a family for any damages proximately resulting from such negligence or willful misconduct, and such negligent or willful misconduct shall be imputed to the owner of the motor vehicle for all purposes of civil damages.*

Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as a DOE or a ROE BUSINESS ENTITY is in some manner negligently, vicariously, statutorily, intentionally, or otherwise responsible for the events and happenings referred to, and caused

2

1    damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of the Court to amend
2    the Complaint to insert the true names of such Defendants when the same have been ascertained.

3        5.     All of the events which are complained of herein took place in the County of Clark,
4    State of Nevada.

5        6.     At all times herein mentioned, and particularly on or about November 27, 2018,
6    Plaintiff TORRES was riding his bicycle, in Clark County, Nevada.

7        7.     At such time and place, and upon information and belief, Defendant CONCHAS was
8    the operator of a vehicle generally described as a 2016 Chevrolet Silverado, in Clark County, Nevada.

9        8.     At such time and place, Plaintiff TORRES was riding his bicycle on the west sidewalk
10    southbound on Nellis Boulevard near the intersection with E. Charleston Boulevard in Las Vegas,
11    Nevada.

12        9.     At such time and place, and upon information and belief, Defendant CONCHAS was
13    traveling in the number 3 lane of 3 southbound on Nellis Boulevard near the intersection with E.
14    Charleston Boulevard.

15       10.     At such time and place, and upon information and belief, Defendant CONCHAS failed
16    to yield the right of way, failed to maintain a travel lane, and intentionally interfered with the movement
17    of a person lawfully riding a bicycle, striking TORRES' bicycle, thereby ejecting Plaintiff from his
18    bicycle.

19       11.     As a direct and proximate cause of Defendants' recklessness, and each of them, Plaintiff
20    TORRES sustained severe personal injuries.

21                          **FIRST CAUSE OF ACTION**
22        (Negligence; Negligence Per Se as to GUSTAVO CONCHAS, DOES 1 through 20,
23                     and ROE BUSINESS ENTITIES 1 through 20)

24       12.     Plaintiff repleads and realleges each and every allegation of the preceding paragraphs
25    as though set forth fully hereunder.

26       13.     That at said time and place, Defendants CONCHAS, DOES 1 through 20, and ROE
27
28    BUSINESS ENTITIES 1 through 20, and each of them, negligently, carelessly and recklessly

3

1 operated his vehicle, violated Nevada and local statutes, traffic laws, and safety rules pertaining to
2 the safe operation of motor vehicles, which caused the collision involving Plaintiff, including his
3 injuries and damaged complained of herein.

4     14.    The acts and omissions on the part of Defendants CONCHAS, DOES 1 through 20, and
5 ROE BUSINESS ENTITIES 1 through 20, and each of them, as set forth herein, were in direct violation
6 of Nevada Statutes and/or Clark County ordinances, including, but not limited to, NRS 484.324.

7     15.    At all times herein mentioned, said Nevada Statutes and/or Clark County traffic
8 ordinances and safety rules were designed and enacted to protect a class of persons, in particular
9 bicyclists, to which Plaintiff belongs.

10     16.    Defendants CONCHAS, DOES 1 through 20, and ROE BUSINESS ENTITIES 1
11 through 20, and each of them, are therefore negligent per se herein.

12     17.    The injuries suffered by Plaintiff TORRES as a direct and proximate result of the
13 collision was and is the type that the statute was intended to protect against.

14     18.    As a direct and proximate result of the aforesaid negligence and carelessness of
15 Defendants CONCHAS, DOES 1 through 20, and ROE BUSINESS ENTITIES 1 through 20, and
16 each of them, Plaintiff TORRES was injured in health, strength, and activities, and sustained shock
17 and injury to his body, nervous system and person, all of which have caused, and will continue to
18 cause him physical, mental and nervous pain and suffering, disability and loss of enjoyment of life.

19     19.    As a direct and proximate result of the negligence and carelessness on the part of
20 Defendants CONCHAS, DOES 1 through 20, and ROE BUSINESS ENTITIES 1 through 20, and
21 each of them, Plaintiff sustained general and special damages to include medical expenses, possible
22 future medical expenses, loss of wages, possible future losses of wages, and loss of earning capacity
23 all in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

24     20.    As a further direct and proximate result of the aforesaid negligence and carelessness
25 on the part of Defendants CONCHAS, DOES 1 through 20, and ROE BUSINESS ENTITIES 1
26 through 20, and each of them, it has been necessary for Plaintiff to retain the law firm of CLARK
27 LAW GROUP, PLLC, to prosecute this action, and Plaintiff is therefore entitled to recover reasonable
28

4

1  attorney's fees and costs.

## SECOND CAUSE OF ACTION

(Negligence; Respondeat Superior as to THE FISHEL COMPANY, DOES 1 through 20, and ROE BUSINESS ENTITIES 1 through 20)

21.  Plaintiff repleads and realleges each and every allegation of the preceding paragraphs as though set forth fully hereunder.

22.  Plaintiff is informed and believes that at the time of the subject accident, FISHEL was the employer and/or had control of its agent CONCHAS.

23.  CONCHAS was acting within the course and scope of his duties for FISHEL and on behalf of FISHEL at the time of the subject collision with TORRES.

24.  Under the doctrine of Respondeat Superior, Defendant FISHEL is vicariously liable, jointly and severally for the damages suffered by Plaintiff as a direct and proximate result of its employees and/or agents' negligence while driving in the course and scope of his employment.

25.  FISHEL through its employees and/or agents, owed a duty to Plaintiff to drive safely and to avoid dangerous and/or reckless conduct.

26.  FISHEL by and through its employees and/or agents, breached its duties of due care by negligently, carelessly and recklessly failing to drive in a save manner which caused damages to Plaintiff.

27.  As a direct and proximate consequence of FISHEL's negligence, careless and reckless breach of duty, Plaintiff sustained general and special damages to include medical expenses, possible future medical expenses, loss of wages, possible future losses of wages, and loss of earning capacity all in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

28.  As a direct and proximate consequence of FISHEL'S negligence, careless and reckless breach of duty, it has been necessary for Plaintiff to retain the law firm of CLARK LAW GROUP, PLLC, to prosecute this action, and Plaintiff is therefore entitled to recover reasonable attorney's fees and costs.

///

///

5

## THIRD CAUSE OF ACTION

(Negligent Entrustment as to Defendant THE FISHEL COMPANY, DOES 1 through 20, and ROES BUSINESS ENTITIES 1 through 20)

29.     Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

30.     These Defendants owed a duty of care to the Plaintiff not to entrust the operation of the vehicle to someone they know or had reason to know was unfit to safely perform that operation.

31.     Upon information and belief, these Defendants breached that duty by entrusting the operation of the vehicle to Defendant CONCHAS, though they knew or should have known Defendant CONCHAS was unfit to safely operate the vehicle.

32.     Additionally, upon information and belief, one or more of these Defendants was responsible in some manner for the vehicle's condition, maintenance, repair, and operation.

33.     Upon information and belief, one or more of these Defendants owed a duty of care to Plaintiff to ensure the vehicle was properly maintained and repaired in such a condition so as to not create an unreasonable risk of harm on the public roadways during its operation.

34.     Upon information and belief, one or more of these Defendants breached that duty of care by entrusting the vehicle described herein to Defendant CONCHAS while in an unsafe condition.

35.     As a direct result of these Defendants' breaching their respective duties to Plaintiff, the Plaintiff was injured in the collision.

36.     As a result, Plaintiff have experienced pain and suffering associated with physical injuries caused by the collision, which have required medical treatment. These general damages are in excess of $15,000.00.

37.     As a further direct and proximate result, Plaintiff have incurred expenses for medical care and treatment in an amount to be proven at trial.

6

38. Plaintiff has been forced to retain the services of an attorney to represent him in this action and are, therefore, entitled to recover reasonable attorneys' fees and costs of litigation.

## FOURTH CAUSE OF ACTION

(Negligent Hiring, Training, Supervision and Retention as to Defendant THE FISHEL COMPANY DOES 1 through 20, and ROES BUSINESS ENTITIES 1 through 20)

39. Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

40. These Defendants owed a duty of care to Plaintiff to use reasonable care in hiring, training, and supervising individuals, such as Defendant CONCHAS, to whom they would provide vehicles for use upon the public roadways, to ensure these individuals were fit for the purpose for which vehicles were provided.

41. These Defendants knew or should have known that Defendant CONCHAS was unfit to safely operate a vehicle upon the public roadways without reasonable training and supervision to reduce the risk of motor vehicle collisions.

42. These Defendants breached their duty to Plaintiff by failing to reasonably hire, train, and supervise Defendant CONCHAS regarding his use and operation of the vehicle which they had entrusted to operate.

43. These Defendants breached their duty to Plaintiff by continuing to retain Defendant CONCHAS and allowing him use and operation of the vehicle which they had entrusted to him.

44. As a proximate result of these Defendants' breach of their duty, Defendant CONCHAS caused the motor vehicle collision described herein, causing Plaintiff's injuries.

45. As a proximate result of the collision, Plaintiff was injured causing him pain and suffering of both body and mind.

7

46. These Defendants knew or should have known that Defendant CONCHAS was unfit to safely operate the vehicle upon the public roadway before offering him a position of employment.

47. Plaintiff reasonably sought medical care and treatment to relieve the pain and injury he sustained in the motor vehicle collision, incurring the medical costs and charging incidental to such treatment.

48. Plaintiff has been forced to retain the services of an attorney to represent him in this action and is therefore entitled to a recovery of reasonable attorney's fees and costs of litigation.

WHEREFORE, Plaintiff ANTHONY TORRES, prays for relief against the Defendants, and each of them, as follows:

## ALL CLAIMS FOR RELIEF:

1. For past and future general damages and loss in an amount in excess of $15,000.00;

2. For past and future special damages, in an amount to be determined;

3. For reasonable attorneys' fees, pre and post judgment interest and costs of suit;

4. For damages for loss of income and/or future earning capacity in an amount to be proven at the time of trial;

5. For such other and further relief as to the Court may seem just and proper.

DATED this 24th day of November, 2020.     **CLARK LAW GROUP, PLLC**

**C. JARED CLARK, ESQ.**
Nevada Bar No. 13672
6655 W. Sahara Ave., Ste. A212
Las Vegas, NV 89146
*Attorneys for Plaintiff*

8