**DANIEL S. SIMON, ESQ.**
Nevada Bar No. 4750
**BENJAMIN J. MILLER, ESQ.**
Nevada Bar No. 10406
**ASHLEY M. FERREL, ESQ.**
Nevada Bar No. 122027
**SIMON LAW**
810 South Casino Center Boulevard
Las Vegas, Nevada 89101
Telephone:    (702) 364-1650
Facsimile:    (702) 364-1655
E-Mail:lawyers@simonlawlv.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY TORRES,<br><br>    Plaintiff,<br><br>vs.<br><br>GUSTAVO CONCHAS, individually; THE FISHEL COMPANY, an Ohio Foreign Corporation; DOES 1 through 20, inclusive; and ROE BUSINESS ENTITIES 1 through 20, inclusive,<br><br>    Defendants. | Case No.: 2:21-cv-00046-JAD-NJK<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties to this action, Plaintiff ANTHONY TORRES ("Plaintiff") and Defendants GUSTAVO CONCHAS and THE FISHEL COMPANY ("Defendants") (collectively, the "Parties"), by their respective counsel, hereby stipulate and request that the Court enter a stipulated protective order pursuant as follows:

1. The Protective Order shall be entered pursuant to the *Federal Rules of Civil Procedure*.

2. The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

> (a) Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies,

1

procedures and/or training materials of Defendant and/or Defendant's organizational structure;

(b) Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

(c) Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors;

(d) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by (1) identifying said documents as confidential in either parties' FRCP 26(a) disclosures and any supplements made thereto; (2) placing the following legend on the face of the document and each page so designated "CONFIDENTIAL;" or (3) otherwise expressly identified as confidential via written correspondence. Both parties will use their best efforts to limit the number of documents designated Confidential.

If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

4. A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

5. The Court has adopted electronic filing procedures. Attorneys must file documents under seal using the Court's electronic filing procedures. *See* Local Rule IA 10-5. Papers filed with the Court under seal must be accompanied with a concurrently-filed motion for leave to file those documents under seal. *See* Local Rule IA 10-5(a).

5. All motions to seal shall address the standard articulated in *Ctr. for Auto Safety* and explain why that standard has been met. 809 F.3d at 1097.

Specifically, a party seeking to seal judicial records bears the burden of meeting the

2

"compelling reasons" standard, as previously articulated in *Kamakana*. 447 F.3d 1172. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety,* 809 F.3d at 15 1097.

There is an exception to the compelling reasons standard where a party may satisfy the less exacting "good cause" standard for sealed materials attached to a ~~discovery~~ motion unrelated to the merits of the case. *Id.* "The good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (citing Fed.R.Civ.P. 26(c)). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors*, 307 F.3d 25 1206, 1210-11 (9th Cir. 2002).

The labels of "dispositive" and "nondispositive" will not be the determinative factor for deciding which test to apply because the focal consideration is "whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101.

6. The fact that the Court has entered the instant stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

7. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

3

8.  Qualified recipients shall include only the following:
   (a)  In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;
   (b)  Deposition notaries and staff;
   (c)  Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;
   (d)  Deponents during the course of their depositions or potential witnesses of this case; and
   (e)  The parties to this litigation, their officers and professional employees.

9.  Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

10.  No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

11.  Any party that inadvertently discloses or produces in this action a document or information that it considers privileged or otherwise protected from discovery, in whole or in part, shall not be deemed to have waived any applicable privilege or protection by reason of such disclosure or production if, within 14 days of discovering that such document or information has been disclosed or produced, the producing party gives written notice to the receiving party identifying the document or information in question, the asserted privileges or protection, and the grounds there for, with a request that all copies of the document or information be returned or destroyed. <u>The receiving party shall return or destroy the inadvertently disclosed documents upon receipt of appropriately marked replacement documents.</u>

12. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

13. Nothing in this Order shall be construed as an admission to the relevance, authenticity, foundation or admissibilily of any document, material, transcript or other information.

14. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

DATED this 1st day of February, 2022.

**SIMON LAW**

_____
DANIEL S. SIMON, ESQ.
Nevada Bar No. 4750
810 S. Casino Center Blvd.
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

DATED this 10th day of February, 2022

**HONE LAW**

_____
JOEL Z. SCHWARZ, ESQ.
Nevada Bar No. 9181
701 N. Green Valley Parkway, Ste. 200
Henderson, Nevada 89074
*Attorney for Defendants*

## ORDER

The terms of the above stipulation for a protective order by and between Plaintiff ANTHONY TORRES and Defendants GUSTAVO CONCHAS and THE FISHEL COMPANY, by their respective counsel, shall hereby be the ORDER of this Court.

DATED this 14th day of February, 2022.

**IT IS SO ORDERED.**

_____
United States Magistrate Judge